Motion for Rehearing Overruled; Affirmed; Memorandum Opinion of October
13, 2005, Withdrawn; and Substitute Majority and Concurring Opinions on
Rehearing filed October 19, 2006








 

Motion
for Rehearing Overruled; Affirmed; Memorandum Opinion of
October 13, 2005, Withdrawn; and Substitute Majority and Concurring
Opinions on Rehearing filed October 19, 2006.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01287-CV

____________

 

HONG HUANG, LATONIA CALAMEASE,
ISAAK GOLBRAYKH,

ZHI YUAN LIU, JUAN RAMON MEJIA, LIE
KAI PON, YAN FEN XIAN, GUOYUE YU, JING YAN ZHOU, CHI-CHIH TSAI, JIAN-FENG LI,

and CHIU K. LEE, Appellants

 

V.

 

DON McGILL TOYOTA, INC., Appellee

 



 

On Appeal from the 11th
District Court

Harris County, Texas

Trial Court Cause No. 02-17946

 



 

C O N C U R R I N G   O P I N I O N

O N   R E H E A R I N G

 








I agree that the
damage evidence presented in this case is legally insufficient, but I disagree
with the majority opinion=s discussion regarding the applicable
damage calculation.  Because the appellants sought only to purchase (not lease)
the vehicles, and because a lease is fundamentally different from, and
therefore not comparable to, a purchase, there is no way to calculate damages
as between a purchase and lease as such.  Nor would it be meaningful to
calculate the difference between the value received versus the value parted
with under a lease and purchase, respectively, because that still does not give
a basis to compare one with the other.  Instead, evidence of damage would have
to allow a comparison of the total cost to purchase the respective vehicles by
way of the lease each appellant entered into (exercising the purchase option)
versus the purchase transaction they were represented to be entering into. 
This would involve an adjustment by an appropriate discount factor to
compensate for the differing times and amounts at which payments would be made
under each alternative.  Without such an Aapples to apples@ comparison, it is
not possible to tell whether the appellants were better or worse off with the
lease transaction they actually entered into than they would have been with the
purchase transaction they were allegedly represented to be entering into, and
thus whether they suffered any actual damage.  Moreover, because the damage
evidence was legally insufficient, it is unnecessary to address any other
conclusion of law or finding of fact.

 

 

/s/      Richard H. Edelman

Justice

 

Judgment rendered and Substitute Majority and Concurring
Opinions on Rehearing filed October 19, 2006.

Panel consists of Justices Edelman, Seymore, and Guzman. 
(Seymore, J., majority.)